

PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## at Greenbelt

IN RE:                                  :
                                        :
DIANE Y. LONG                           :      Case No. 14-13592PM
                                        :      Chapter 7
        Debtor                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

## MEMORANDUM OF DECISION AND ORDER

This case is before the court on the Debtor's Motion to Convert this case to a case under Chapter 13. Her primary creditor, Navy Federal Credit Union ("Navy Federal"), opposes the Motion. It urges that the dismissal of the Debtor's prior petition, Case No. 13-18045, acts to bar the conversion by virtue of the doctrine of collateral estoppel. 11 U.S.C. § 706(a) provides:

> **11 U.S.C. § 706. Conversion**
>
> (a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

This right has been limited by such cases as *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 366 (2007) ("Neither § 706 nor § 1307(c) limits a court's authority to take appropriate action in response to fraudulent conduct by the atypical litigant who has demonstrated that he is not entitled to the relief available to the typical debtor. On the contrary, bankruptcy judges' broad authority to take necessary or appropriate action "to prevent an abuse of process" described in Code § 105(a) is adequate to authorize an immediate denial of a § 706 motion to convert in lieu of a conversion order that merely postpones the allowance of equivalent relief and may give a debtor an opportunity to take action prejudicial to creditors. Pp. 1109-1112.").

This is the Debtor's third bankruptcy petition.  The first, Case No. 11-33734, was filed under Chapter 7.  In that case, two adversary proceedings were filed against her seeking denial of her discharge.  The first, filed by the United States Trustee, resulted in a judgment by default denying her discharge.  Her counsel failed to file a timely answer to the Complaint.  Likewise, as a result of counsel's inaction, the second objection to discharge filed by Navy Federal also resulted in a judgment by default.  But, these default judgments have no collateral estoppel effect.  *Sedlack v. Braswell Services Group, Inc.*, 134 F.3d 219, 224 (CA4 1998) (citing *Ramsay v. INS,* 14 F.3d 206, 210 (CA4 1994).  Instead, Navy Federal relies on the court's Order entered in her second filing that dismissed the case as collateral estoppel for the proposition that the case was not filed in good faith.  As the court pointed out at the conclusion of the Opinion dismissing the case, "[t]he Debtor is obviously a hard-working person with a long career with a single employer.  She has a modest standard of living.  All things considered, she is the sort of person for whom Chapter 13 is designed.  The court's ruling condemns her to something akin to life-long peonage.  Whether she can escape from this by filing another bankruptcy case remains to be seen."

The court is of the opinion that the Debtor ought to have the opportunity to attempt to confirm a plan.  The debts that Navy Federal is seeking to collect all spring from two automobile loans as to which the Debtor claims not to have signed the pertinent note and security agreement.  Whoever signed these documents is a mystery, as they were not signed in the presence of any representative of Navy Federal.  Going forward, the Debtor must be absolutely candid with respect to her role in that transaction.  There was no security agreement of record, as Navy Federal's policy was not to record the security agreement itself but to leave that responsibility to the borrower.  Neither security agreement issued by Navy Federal bore the serial number of the vehicle that was meant to be the subject of the lien.  The Navy Federal drafts were then indorsed by someone to American Auto Sales, the trade name of her son, Vestal Thomas Bullock, Jr., who is now incarcerated.

While this petition was filed under Chapter 7, because most of her debts were incurred prior to the filing of her first petition, that was an obvious mistake inasmuch as 11 U.S.C. § 523(a)(10) excludes from a Chapter 7 discharge any debt that was listed or could have been listed or scheduled in a prior case by a debtor whose discharge was denied in that case.  If the Debtor were to file another petition, there was no point to doing so under Chapter 7.

In conclusion, the court will grant the Motion to Convert. It does not find at this stage of the proceedings that conversion is barred by the doctrine of collateral estoppel. Perhaps the Debtor can propose a plan susceptible of confirmation. That will depend upon the nature of the plan and the Debtor's forthrightness and candor with respect to the transaction with Navy Federal and particularly the roles played both by her and her son. Confirmation will require a finding by the court that both the petition and plan were filed in good faith. The burden of showing that is upon the Debtor.

IT IS SO ORDERED.

cc:   Debtor
      Counsel for Debtor
      Chapter 13 Trustee
      Chapter 7 Trustee
      Office of the United States Trustee
      Navy Federal Credit Union
      Counsel for Navy Federal Credit Union
      All creditors and interested parties

**End of Memorandum of Decision and Order**