Date signed September 15, 2014



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| DIANE Y. LONG | : | Case No. 14-13592PM |
| | : | Chapter 13 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

This tragic case comes before the court on the Motion of Navy Federal Credit Union ("Navy FCU") to dismiss the Objection to its proof of claim for want of jurisdiction. It asserts that because of the *Rooker-Feldman* doctrine[1] that this court lacks jurisdiction to review its claim based upon a state court judgment entered by default. As the court of appeals states in *Sartin v. Macik,* 535 F.3d 284, 287 (CA4 2008),

> [T]he *Rooker–Feldman* doctrine only bars collateral attacks on state court judgments; it does not supplant the normal rules of preclusion. Macik does not seek to have the default judgment on his state law claims overturned, so the *Rooker–Feldman* doctrine does not apply. Instead the rules of preclusion govern whether a litigant may, in a bankruptcy proceeding, revisit an issue previously addressed in a state court action. *Id.* at 291-93, 125 S.Ct. 1517; *see also*, *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 718-19 (CA4 2006).

Were this an adversary proceeding filed pursuant to Bankruptcy Rule 4007, issues of claim preclusion would be meaningful. In that situation the court would look to the issue of

---

[1] *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia v. Feldman*, 460 U.S. 462 (1983).

whether the state court case was actually litigated in order to apply the doctrine of collateral estoppel. Because the state court case judgment was entered by default, it would have no preclusive effect in a dischargeability action. *In re Raynor*, 922 F.2d 1146, 1149-50 (CA4 1991); *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 ( 2005); *Nestorio v. Associates Comm. Corp*., 250 B.R. 50, 55 (BC Md. 2000). In a dischargeability action, the Debtor would be able to present testimony of expert witnesses that her signatures on the loan documents were forged. But the principle of collateral estoppel has no application here.

The *Rooker-Feldman* doctrine bars the Debtor's action. *See, Senftle v. Landau*, 390 F. Supp. 2d 463, 468 n.6 (D. Md. 2005). In that case the district court noted that the *Rooker-Feldman* doctrine deprives a district court of jurisdiction to grant injunctive relief to recalculate an award of deficiency damages because it would amend a state court default judgment. The district court cited *Nelson v. Uran*, 1999 WL 170166 (CA4 1999), that affirmed a district court ruling that *Rooker-Feldman* applied to default judgments and barred federal adjudication where the federal plaintiff seeks to contest a state court's ruling on personal jurisdiction and subsequent default judgment. *See also Smith v. Wayne Weinberger, P.C.*, 994 F.Supp. 418, 424 (E.D.N.Y. 1998) (concluding that *Rooker-Feldman* applies where plaintiff alleges that state court default judgment was procured by fraud); *Resler v. Messerli & Kramer, P.A.*, 2003 WL 193498, (D. Minn. 2003) (holding that *Rooker-Feldman* prohibits a federal plaintiff's Federal Fair Debt Collection Practices Act fraud claim, where a fraud on the state court in seeking a default judgment would nullify that default judgment). This claim objection is inextricably intertwined with the Maryland judgment. Sustaining the objection would effectively reverse that decision or void its ruling. See *Canal Capital Corp. v. Valley Pride Pack, Inc.,* 169 F.3d 508, 512 (CA8 1999).

The Debtor is in a terrible situation that may well be due to no misconduct of her own. Whether she signed the loan papers to Navy FCU is an open question. Her prior counsel failed to respond to complaints objecting to her discharge that also were granted by default. The court finds her to be an honest law-abiding person caught in a tragic situation caused in no small measure by the shoddy lending practices of Navy FCU in not monitoring the execution of loan documents, or seeing to the application of the funds disbursed by it. None of this would have happened had it policed its lending practices and overseen the execution of security agreements. Were this a personal injury action, contributory negligence would bar its claim. But in this

situation the result is that this Debtor is saddled with the cost of its inattention. An order will be entered overruling the objection to the proof of claim.

cc:

Philip Yeager, Esq., 11200 Rockville Pike, #500, N. Bethesda, MD 20852

Diane Y. Long, 4806 Catherine Court, Clinton, MD 20735

Juaria L. Nelson, Esq., 6509 Old Branch Avenue, #201, Camp Springs, MD 20748

Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902

**End of Memorandum**

Case 14-13592    Doc 47    Filed 09/15/14    Page 4 of 4